IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                               :     CASE NO. 09-06663 (ESL)
                                                     :
LISANDRO MENDEZ MORALES                              :
JOHANA MORALES CABAN                                 :     CHAPTER 7
                                                     :
        Debtors                                      :
                                                     :     ADVERSARY NO. 10-00063 (ESL)
LISANDRO MENDEZ MORALES                              :
JOHANA MORALES CABAN                                 :
Plaintiffs                                           :
                                                     :
        vs.                                          :
                                                     :
DORAL BANK;                                          :
LUCAS P. VALDIVIESO GALIB, ESQ.,                     :
PUERTO RICO TELEPHONE CO.                            :
Defendants                                           :
                                                     :

OPINION AND ORDER

Before this court is Plaintiffs' *Motion for Partial Summary Judgment* (Docket No. 40) alleging that defendants Lucas P. Valdivieso Galib, Esq. ("Valdivieso") and Doral Bank ("Doral") violated the automatic stay and the discharge injunction in Sections 362 and 524(a)(2) of the Bankruptcy Code (Lead Case Docket No. 99-10119[1]) and thus requesting a finding of liability for the alleged violations. Doral filed its *Opposition* thereto and a motion for summary judgment (Docket Nos. 47 & 66) requesting the dismissal of the instant *Complaint* against it. Valdivieso has not appeared or pleaded and no certificate of service of his summons appears from the record. For the reasons stated herein Plaintiffs' *Motion for Partial Summary Judgment* (Docket No. 40) is granted in part and denied in part and Doral's cross motion for summary judgment (Docket Nos. 47 & 66) is denied. The Court has no *in personam* jurisdiction over codefendant Valdivieso.

Procedural Background

Plaintiffs filed a voluntary Chapter 7 bankruptcy petition on August 13, 2009 (Lead Case No. 09-06663, Docket No. 1). In Schedule A (Real Property), they listed one real property located at 323 Kalimar Street #10, Urbanización Las Flores, Isabela, Puerto Rico (the "Real Property") with a

---

[1] References to the lead case are to the entries and documents filed in bankruptcy case no. 99-10119 (ESL) (the "Lead Case").

reported a value of $190,000 (without deducting any secured claim or exemption) and a secured claim over it of $185,000 (Lead Case Docket No. 1, p. 20). In Schedule D (Secured Claims), they listed Doral Bank as their only secured creditor (Lead Case Docket No. 1, p. 25). In Schedule C (Exemptions), Plaintiffs claimed a $5,000 exemption over the Real Property under 11 U.S.C. § 522(d)(1) (Lead Case Docket No. 1, p. 24).

On November 25, 2009, Doral filed Proof of Claim No. 4-1 in the amount of $362,347.28, claiming it as secured pursuant to a mortgage note over the Real Property. The court notes that the mortgage note is for the principal amount of $185,000.00.

On January 19, 2010, the court granted the *Discharge of Debtor* (the "*Discharge Order*", Lead Case Docket No. 16). On March 18, 2010, the Chapter 7 Trustee (the "Trustee") filed a *Notice of Abandonment* of the Real Property (Lead Case Docket No. 20).

On April 14, 2010, the Plaintiffs filed the *Complaint* in the instant adversary proceeding claiming that defendants wilfully violated the automatic stay and the discharge injunction.

On November 10, 2010, the Trustee filed a *Report of No Distribution* (Lead Case No. 25) informing that there was no property available for distribution from the estate over and above that exempted by law. The Trustee reported that the Assets Abandoned (without deducting any secured claims) were $189,508.00, the Assets Exempted were $35,650.00, the Claims Scheduled were $270,426.31, and the Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge) were $270,426.31.

After requesting and obtaining an extension of time to answer the complaint (Docket Nos. 6 & 7), on July 12, 2010, Doral filed its *Answer to the Complaint* (Docket No. 9) denying having wilfully violated the automatic stay and the discharge injunction.

On June 1, 2011, Plaintiffs filed a *Motion for Partial Summary Judgment* (Docket No. 40) alleging that on August 25, 2010, Doral filed in the Court of First Instance of Puerto Rico, Superior Court of Aguadilla ("State Court") a complaint to foreclose on their Real Property (Case No. ACD2010-0212 (601)). Moreover, Plaintiffs aver that Doral continued its efforts to collect money by obtaining a judgment against them on that case. As to Valdivieso, Plaintiffs claim that he mailed a post-discharge standard computer-generated collection notice on February 10, 2010. In sum,

Plaintiffs sustain that both defendants' acts constitute a willful and deliberate violation of the automatic stay and the discharge injunction under 11 U.S.C. §§ 362 and 524 and thus seek partial judgment as to their liability.

On July 3, 2010, Doral filed its *Opposition to Plaintiffs Motion for Partial Summary Judgment [and] Motion for Summary Judgment* (Docket No. 47). Doral admitted the facts in Plaintiffs' *Motion for Partial Summary Judgment* but with certain exceptions, namely: (1) its *Foreclosure Complaint* did not seek to collect monies from Plaintiffs in addition to those guaranteed by the Real Property; and (2) all its allegations and prayers therein were for an *in rem* judgment only as to its secured loan. No documents were attached to its *Opposition* or its motion for summary judgment.

On October 2, 2011, Plaintiffs filed a *Reply* to Doral's *Opposition* to Plaintiffs' *Motion for Partial Summary Judgment* and their opposition to Doral's motion for summary judgment (Docket No. 64) averring that contrary to Doral's allegations in its *Opposition*, in paragraph (d) of the prayer for relief of its *Foreclosure Complaint*, Doral expressly requested the payment of the deficiency after the sale of the Real Property and for the court to order the court's marshal to seize and attach any property of Plaintiffs, present or future, in payment of such deficiency.

On October 30, 2010, Doral filed a *Motion Submitting Rebuttal Evidence to Plaintiffs' Motion for Summary Judgment* (Docket No. 66) alleging that it had filed an *Amended Complaint* in the State Court to carry out the foreclosure proceedings only *in rem* and subsequently the State Court entered a judgment in Doral's favor. On December 27, 2011, Plaintiffs filed a *Response* thereto (Docket No. 80) sustaining that the *Amended Complaint* does not meet the corrective defense available to creditors who had notice of the filing and entry of the *Discharge Order* and did not take any steps to remedy the violation as soon as practicable and that the foreclosure judgment against Plaintiffs still orders them to pay with their present and future property.

Material Uncontested Facts

After considering the totality of the record, as well as the document and arguments presented by the parties, the following material facts are uncontested:

1. Codefendant Valdivieso is or was a collection manager and/or attorney for

3

codefendant Doral on or around February 11, 2010.

2. Dated February 11, 2010, but mailed on February 24, 2010, codefendant Valdivieso issued a letter to Plaintiffs on Doral's behalf informing them that their monthly mortgage payments were past due since July, 1, 2009 and that the bank had referred that matter to him to collect from them the arrears on the mortgage.

3. On August 25, 2010, Doral filed a *Complaint* with the Court of First Instance of Puerto Rico, Superior Court of Aguadilla (Case No. ACD2010-0212 (601)), to foreclose the Real Property (the "*Foreclosure Complaint*") and to collect monies from Plaintiffs, present and future, in excess of the recovered value, if any.

4. On September 7, 2010, Doral served Plaintiffs with the summons of the *Foreclosure Complaint*.

5. On December 1, 2010, Doral filed with the state court a motion for leave to amended the *Foreclosure Complaint*, with which they tendered an *Amended Foreclosure Complaint*. In the motion for leave, Doral explained that foreclosure proceedings be conducted only *in rem* and eliminated the request for collection of monies, present and future, in excess of the recovered value of the Real Property, if any.

6. On May 23, 20111, the State Court, entered a foreclosure judgment in default against Plaintiffs in Doral's favor including Doral's previous relief that the foreclosure include the collection of monies, present and future, in excess of the recovered value of the Real Property (the "*Foreclosure Judgment*").

7. On September 19, 2011, Doral filed with State Court a motion for a foreclosure order and a writ of execution.

## Applicable Law & Analysis

(A) Partial Summary Judgment Standard

Fed. R. Civ. P. 56, applicable to this proceeding through Fed. R. Bankr. P. 7056, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and

4

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; see also, In re Colarusso, 382 F.3d 51, 58 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure: 3d § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex, 477 U.S. at 322. The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v.

5

Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970); see also, López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Dairy, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no

defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

The court is required to view the pleadings in their entirety when passing a request for summary judgment. 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2722 at 368. To do so, it may consider affidavits, depositions, admissions, answers to interrogatories and similar material to determine whether or not any of the post-pleading material suggests the existence of any other triable genuine issues of material fact. Id., § 2721 at 365-366.

Fed. R. Civ. P. 56 was extensively rewritten in 2010. See 10B Wright, Miller & Krane Federal Practice & Procedure: Civil 3d § 2737. Amended subsection (a) of Fed. R. Civ. P. 56 now includes express authority for judgment on less than the entire case denominating it in its subsection title as "Partial Summary Judgment", which allows summary judgment "upon all or any part" of a claim or defense by any party.

In the instant case, upon admission by Doral of the essential, relevant material facts, summary judgment is warranted.

2.      Discharge of debts under 11 U.S.C. §§ 524 & 727

For most individuals, the primary purpose of filing in bankruptcy is to obtain discharge. See William D. Warren & Daniel J. Bussel, Bankruptcy, Foundation Press, 8th Ed. 2009, p. 129. The discharge is one of the fundamental *in rem* functions of the bankruptcy courts. See Central Virginia Community College v. Katz, 546 U.S. 356, 363-364, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006). Its principal purpose is to grant a "fresh start to the honest but unfortunate debtor." Marrama v. Citizens Bank, 549 U.S. 365, 367 (2007) (citations omitted). A bankruptcy discharge "releases" the debtor

from liability on outstanding obligations with respect to any discharged debt.  See Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 447, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004).  Also see; William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 58:1 (2012).

Section 727(a) of the Bankruptcy Code provides for the grant of a discharge to debtors; Section 727(b) declares that the effect of a discharge is to free the debtor from all debts that arose before bankruptcy.  11 U.S.C. §§ 727(a) and (b).  Likewise, under 11 U.S.C. § 524(a)(2), a discharge from bankruptcy operates as an injunction against *in personam* claims against a debtor.  Parker v. Handy (In re Handy), 624 F. 3d 19, 20-21 (1st Cir. 2010).  Section 524(a)(2) of the Bankruptcy Code also ensures that the discharge will be completely effective and will operate as an injunction against the commencement or continuation of an action or the employment of process to collect or recover a debt as a personal liability of the debtor.  11 U.S.C. § 524(a)(2)  "The discharge injunction that arises upon the entry of a discharge order is perhaps the most important feature of the discharge." Fla. Dep't of Revenue v. Díaz (In re Díaz), 647 F. 3d 1073, 1087 (11th Cir. 2011).  It protects the debtor from a subsequent suit in a state court, or any other act to collect, by a creditor whose claim had been discharged.  Allan N. Resnick and Henry J. Sommer, 4 Collier on Bankruptcy, § 524.02 (16th Ed. 2011).  The discharge injunction helps to ensure that the debtor's "fresh start" is realized by prohibiting creditors from attempting to collect discharged debts.  See In re Jet Fla. Sys., Inc., 883 F.2d 970, 972 (11th Cir. 1989) as cited in Fla. Dep't of Revenue v. Díaz (In re Díaz), 647 F. 3d at 1085.

But not all debts are dischargeable.  Section 524(a) of the Bankruptcy Code does not bar creditors from enforcing valid, prebankruptcy liens or security interests against properties that have

been retained by the estate or by the debtor after discharge.  Any lien not invalidated or avoided survives the debtor's discharge.  See Lee v. Yeutter, 917 F.2d 1104 (8th Cir. 1990) (discharge relieves debtor of personal obligation to repay debt but lien may remain on property); In re McNeil, 128 B.R. 603 (Bankr. E.D. Pa. 1991) (secured creditor need take no action during bankruptcy case to preserve lien except to defend against an attempt to avoid the lien).  Also see William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 58.4 (2012).  Liens that survive discharge include, among others, the *in rem* liability of mortgages.  To that extent, the Code provides that a creditor's right to foreclose on a mortgage survives or passes through the bankruptcy because a Chapter 7 discharge only extinguishes the *in personam* liability of the debtor, not the *in rem* liability.  See 11 U.S.C. § 522(c)(2); Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154, 115 L. Ed. 2d 66, 75 (1991) ("a bankruptcy discharge extinguishes only one mode of enforcing a claim --namely, an action against the debtor *in personam*-- while leaving intact another --namely, an action against the debtor *in rem*").  Ordinarily, "a [mortgage] creditor is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally."  Id. at 84.  A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation.  See 11 U.S.C. § 727 and id. at 84.  Moreover, "a secured creditor has a right to repossess its collateral if the debtor fails to make payments."  Garske v. Arcadia Fin., Ltd. (In re Garske), 287 B.R. 537, 545 (B.A.P. 9th Cir. 2002).

While a secured creditor may retain a lien on property of the debtor that could be enforced by an *in rem* action, the creditor may not attempt to collect the debt as a personal liability by seeking

money damages.  In Martin v. Avco Fin. Servs. (In re Martin), 157 B.R. 268 (Bankr. W.D. Va. 1993), the Court ruled that a creditor violated the discharge injunction by filing a suit in state court seeking the value of collateral as an alternative relief to the return of its collateral after discharge.  The court reasoned that "...such actions cannot go further and attempt *in any way* to seek a deficiency judgment and assert any ongoing personal liability of a debtor for such remaining unsecured claim resulting from liquidation of collateral".  Id. at 274 (emphasis in original).  Also see; Matter of Hunter, 970 F.2d 299, 310 (7th Cir. 1992); Green v. Welsh, 956 F.2d 30, 33-34 (2nd Cir. 1992).  The Martin court further analyzed that "seeking and obtaining a judgment for the collateral's alternate value ... is the type of action to which [the] Debtor should not have to respond and which the Congress has sought to avoid".  In re Martin, 157 B.R. at 275.  "Such acts are part and parcel of the very behavior Congress intended to prohibit, [and] are unequivocally proscribed by the broad injunctive provisions of § 524(a)(2)..." Id. at 275.  "So long as the creditor is not collecting the debt as a 'personal liability of the debtor', there is no violation under § 524(a)(2)".  Garske v. Arcadia Fin., Ltd. (In re Garske), 287 B.R. at 545 (citations omitted).

In the instant case, pursuant to 11 U.S.C. §§ 524(a)(2) & 727, Plaintiffs' personal liability as to the Real Property was discharged on January 19, 2010 (Lead Case Docket No. 16).  Therefore, Doral was automatically enjoined to file a foreclosure proceeding against Plaintiffs post-discharge that sought personal liability for the deficiency of the value of the Real Property.  The court finds that Doral violated the discharge injunction when it filed a *Foreclosure Complaint* that expressly requested in its prayer for relief Plaintiffs' *in personam* liability in deficiency in value of the Real Property, which culminated in a *Foreclosure Judgment* that imposed upon them personal liability. The court takes into consideration that Doral filed an *Amended Complaint* with the State Court in an

attempt to cure this issue, but the *Foreclosure Judgment* issued by the State Court did not.

3.    Abandonment of the Real Property and automatic stay

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors." Grady v. A.H. Robins Co., 839 F.2d 198, 200 (4th Cir. 1988) (citations omitted). It also serves as an automatic injunction that halts actions by creditors, with certain exceptions, to collect debts from a debtor who has filed for bankruptcy. Under Section 362(a)(1) of the Bankruptcy Code, the stay begins at the moment the bankruptcy petition is filed to prohibit the commencement or continuation of an action against a debtor to recover a claim that arose prepetition. Section 362(c) establishes that an act against the property of the estate is stayed until it is no longer part of the estate, but an act against the debtor --which is not an "act against property of the estate"-- dissolves immediately upon the bankruptcy discharge order. Under Section 362(c)(2), the automatic stay continues until the case is closed, dismissed or, in the case of a Chapter 7 liquidation such as this one, until the individual[2] receives a discharge or the discharge is denied. See Severo v. Comm'r, 586 F.3d 1213, 1216 (9th Cir. 2009).

Section 554 of the Bankruptcy Code provides a mechanism by which the bankruptcy trustee may abandon a property if it is not needed by the estate and its retention serves no purpose in effectuating the goals of the Bankruptcy Code. Property may be abandoned if it is burdensome to the estate or of inconsequential value and benefit to the estate. See 11 U.S.C. § 554(a). Abandonment constitutes a divesture of all of the estate's interests in the property. Property abandoned reverts to the debtor and is no longer part of the estate, and the debtor's rights to the

---

[2] Only an individual may receive a discharge in a Chapter 7 case. See 11 U.S.C. § 727(a). With respect to the other entities, the stay in a Chapter 7 expires when the case is closed or dismissed. See 11 U.S.C. 362(c)(2) and Allan N. Resnick and Henry J. Sommer, 4 Collier on Bankruptcy, § 632.06[1] (15th Ed. 2011).

property are treated as if no bankruptcy petition was filed.  See Allan N. Resnick and Henry J. Sommer, 4 Collier on Bankruptcy, § 554.02[3] (16th Ed. 2011), Catalan v. CIR, 279 F.3d 682, 685 (9th Cir. 2002); In re St. Lawrence Corp., 239 B.R. 720, 723 (Bankr. D.N.J. 1999 aff'd, 248 B.R. 734 (D.N.J. 2000)); Hopkins v. Idaho State Univ. Credit Union (In re Herter), 456 B.R. 455 (Bankr. D. Idaho 2011).  After a property is abandoned and outside of the estate, the automatic stay is no longer applicable to it by operation of law. See In re Boland, 275 B.R. 675, 678 (Bankr.D.Conn. 2002); In re Greene, 1999 U.S. Dist. LEXIS 14689 (E.D. Pa. 1999); and In re Beaudoin, 160 B.R. 25, 32 (Bankr. N.D.N.Y. 1993).        In the instant case, the Real Property was abandoned by the Trustee on March 18, 2010.  See Lead Case Docket No. 20.  Therefore, the automatic stay as to acts against property of the estate ceased upon the abandonment of the Real Property.  However, the automatic stay would not have typically ceased in regards to prepetition claims against **the debtor** pursuant to 11 U.S.C. § 362(a)(1).  The duration of the automatic stay as to any other act ceased on January 19, 2010 upon the entry of the *Discharge Order* pursuant to 11 U.S.C. § 362(c)(2)(c).  Therefore, Doral's *Foreclosure Complaint* filed on August 25, 2010 did not violate the automatic stay.

3.    *In personam* jurisdiction

To enter a valid judgment, a court must not only have jurisdiction over the subject matter, but also ove        r the parties.  Only a court having jurisdiction over the person of the defendant may enter a valid judgment imposing a liability or duty in favor of the plaintiff.  In the absence of jurisdiction over a defendant, any judgment or order the court might enter against that defendant is null and void.  See Farm Credit Bank of Baltimore v. Ferrara-Goitia, 316 F.3d 62, 68 (1st Cir. 2002).

Personal jurisdiction usually is obtained over a defendant by service of process.  Jardines

Bacata, Ltd. v. Diaz- Marquez, 878 F.2d 1555, 1559 (1st Cir. 1989) (explaining that "in the ordinary course, the district court acquires jurisdiction over a defendant only by service of process"). A defendant may, however, waive service --and waiver can form a valid basis for personal jurisdiction. See Gen. Contr. & Trading Co. v. Interpole, Inc., 940 F.2d 20, 22 (1st Cir. 1991). Such a waiver may be either express or implied. See Neirbo Co. v. Bethlehem Shipbldg. Corp., 308 U.S. 165, 168, 84 L. Ed. 167, 60 S. Ct. 153 (1939); Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996 (1st Cir. 1983).

In the instant case, the record shows no evidence of service of summons to co-defendant Valdivieso or that he waived such service. Plaintiffs have not placed this court in a position to acquire *in personam* jurisdiction over Valdivieso and thus the court is unable to make any determination whatsoever whether he violated the automatic stay or the discharge injunction provisions and the corresponding liability, if any.

### Conclusion

In view of the foregoing, after considering all the arguments and pleadings, and based on the uncontested facts, Plaintiffs *Motion for Partial Summary Judgment* (Docket No. 40) is granted in part as to Doral's violation of the discharge injunction but denied in regards to the violation of the automatic stay. Doral's *Opposition* and *Motion to for Summary Judgment* (Docket No. 47) are denied. The Court lacks *in personam* jurisdiction over Valdivieso.

Partial summary judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 15th day of February, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

13